IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| SHANE ANTONIO TALLEY #144257, ) | |
| ) | |
| Plaintiff, ) | |
| ) | NO. 3:23-cv-00808 |
| v. ) | |
| ) | JUDGE RICHARDSON |
| DICKSON COUNTY JAIL, et al., ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM OPINION

Plaintiff Shane Antonio Talley, an inmate at the Dickson County Jail ("Jail"), brought this case in the Western District of Kentucky by filing a pro se civil rights complaint regarding the Jail's religious accommodations and conditions of confinement. (Doc. No. 1.) Plaintiff also filed an application to proceed without prepaying the filing fee. (Doc. No. 3.) The Western District of Kentucky transferred the case to this judicial district (Doc. No. 4), and the case is now before the Court for initial review, as required by the Prison Litigation Reform Act ("PLRA"). As explained below, certain claims may proceed for further development against Chaplain Thomas Todd in his official capacity. Plaintiff should consult the accompanying Order for instructions.

I.    **Removal of Other Inmates as Plaintiffs and Warning to Talley**

As an initial matter, the Court notes that Talley listed two other inmates as plaintiffs on the Complaint (Cartell McKeever and Patrick Thompson). (Doc. No. 1 at 1–2). But there is nothing in the record reflecting that those inmates authorized Talley to do so, and they did not sign the Complaint, as required for pro se parties in federal court. *See* Fed. R. Civ. P. 11(a). The docket, accordingly, will be updated to reflect that Talley is the only plaintiff in this case. No filing fee or "strike" under the PLRA will be assessed against McKeever or Thompson.

Talley is warned that, as a non-lawyer, he cannot represent other people in federal court. *See Olagues v. Timken*, 908 F.3d 200, 203 (6th Cir. 2018). If Talley continues to attempt to represent other people in this or any other case, he may be subject to sanctions, including a filing restriction. *See Hyland v. Stevens*, 37 F. App'x 770, 771 (6th Cir. 2002).

II. **Application to Proceed as a Pauper**

An inmate may bring a civil suit without prepaying the filing fee. 28 U.S.C. § 1915(a). Plaintiff filed an application to proceed as a pauper on a form approved by the Western District of Kentucky (Doc. No. 3), but the Court takes judicial notice that Plaintiff has a separate case in this Court in which he recently filed an application to proceed as a pauper on a form approved by this District. *See Talley v. Dickson County Jail*, No. 3:23-cv-00983, Doc. No. 5 (M.D. Tenn. Oct. 3, 2023). This later application is accompanied by the required documentation, *see id.*, Doc. No. 5 at 3–6; 28 U.S.C. § 1915(a)(2), and it reflects that Plaintiff does not have sufficient funds to pay the full filing fee in advance. Accordingly, Plaintiff's request to proceed as a pauper will be granted, and he will be assessed the $350.00 filing fee in the accompanying Order. 28 U.S.C. § 1915(b).

III. **Initial Review**

The Court must review the Complaint and dismiss any part that is frivolous or malicious, fails to state a claim, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A. The Court must also hold this pro se pleading to "less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

A. <u>Alleged Facts</u>

The Complaint names (or purports to name) as Defendants: (1) "Dickson County Jail"; (2) "Dickson County Sheriffs [sic] Office Department"; (3) "Tri-Star Medical @ Medical Staff"; and

(4) Chaplain Thomas Todd. (Doc. No. 1 at 1–3.) The following summary of allegations is based on a liberal construction of the Complaint and is taken as true for the purpose of this initial review.

Sunni Muslim inmates at the Jail are not allowed to have religious gatherings, including prayers called "Juh'mah" and "Ta'leen," although "other inmates" can attend "church" once a month. (*Id.* at 4.) The Jail deprives Muslim inmates of prayer rugs and Qurans, but provides other inmates with Bibles. (*Id.*) And the Jail serves inmates observing Ramadan two meals, which does not supply the necessary daily calories, while other inmates receive three meals. (*Id.*)

There is "black mold" in the Jail's "bath/shower area," there are mice running throughout the Jail, and there are "brown recluse spiders everywhere." (*Id.*) Inmates bitten by spiders receive "no help." (*Id.*) The Jail also does not provide towels, hygiene supplies, or cleaning supplies. (*Id.*) And the Jail serves "uncooked food" and food with feces and cockroaches in it. (*Id.*)

On Plaintiff's second day at the Jail, he underwent a TB skin test administered by medical staff employed by Tri-Star Medical. (*Id.*) He did not receive the results of this test, and he was placed "with positive test inmates along with HIV victims and Hepatitis victims," which was also a mix of "felons" and "misdemeanor[] inmates." (*Id.*) Medical staff also gives inmates the "wrong meds," which causes "major life or death trauma." (*Id.*) And medical staff "will not check on you if you don't have money on [the] books." (*Id.*)

B.  Legal Standard

To complete the required initial review, the Court applies the same standard as under Rule 12(b)(6) of the Federal Rules of Civil Procedure. *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010). The Court therefore accepts "all well-pleaded allegations in the complaint as true, [and] 'consider[s] the factual allegations in [the] complaint to determine if they plausibly suggest an entitlement to relief.'" *Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011) (quoting *Ashcroft v.*

*Iqbal*, 556 U.S. 662, 681 (2009)). An assumption of truth does not extend to legal conclusions or "'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557 (2007)).

C. Analysis

Plaintiff filed this case on a form for complaints brought under 42 U.S.C. § 1983. (Doc. No. 1 at 1.) Section 1983 allows individuals to bring civil claims based on violations of "the Constitution or federal laws by those acting under color of state law." *Smith v. City of Salem, Ohio*, 378 F.3d 566, 576 (6th Cir. 2004). Plaintiff's allegations regarding religious accommodations at the Jail also implicate the Religious Land Use and Institutionalized Persons Act ("RLUIPA"). RLUIPA "applies to prisons that receive federal funds and prohibits state and local governments from placing 'a substantial burden' on the 'religious exercise' of any inmate unless they establish that the burden furthers a 'compelling governmental interest' and does so in the 'least restrictive' way." *Haight v. Thompson*, 763 F.3d 554, 559 (6th Cir. 2014) (quoting 42 U.S.C. § 2000cc-1(a)). As explained below, Plaintiff may pursue certain Section 1983 claims for monetary damages against Chaplain Thomas Todd in his official capacity, but he cannot pursue relief under RLUIPA.

2. *Section 1983*

Plaintiff brings this case against all Defendants in their individual and official capacities. (Doc. No. 1 at 2–3.) "[A]n individual-capacity claim seeks to hold an official personally liable for the wrong alleged," while "[a]n official-capacity claim against a person is essentially a claim against the" entity the person represents. *Peatross v. City of Memphis*, 818 F.3d 233, 241 (6th Cir. 2016) (citing *Essex v. Cnty. of Livingston*, 518 F. App'x 351, 354 (6th Cir. 2013)).

Regardless of capacity, however, Plaintiff fails to state a Section 1983 claim against the first three ostensible Defendants: (1) "Dickson County Jail"; (2) "Dickson County Sheriffs Office Department"; and (3) "Tri-Star Medical @ Medical Staff."

For the first named Defendant, the Jail is a building, not a legal entity subject to suit under Section 1983. *See McIntosh v. Camp Brighton*, No. 14-CV-11327, 2014 WL 1584173, at *2 (E.D. Mich. Apr. 21, 2014) (collecting cases establishing that a prison facility "is not a 'person' or legal entity subject to suit under 42 U.S.C. § 1983"). Likewise, for the second named Defendant, "police departments and sheriff's departments are not proper parties to a § 1983 suit." *See Mathes v. Metro. Gov't of Nashville and Davidson Cnty.*, No. 3:10-cv-0496, 2010 WL 3341889, at *2 (M.D. Tenn. Aug. 25, 2010) (collecting cases).

Given Plaintiff's pro se status, the Court could construe Plaintiff's references to the Jail and the Sheriff's Office as an attempt to impose liability directly on Dickson County. A county is a potentially proper defendant to a Section 1983 claim. *See Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690 (1978). In this case, however, such a construction is unnecessary. An official-capacity claim against a person, to restate, is equivalent to a claim against the entity that the person represents. *See Peatross*, 818 F.3d at 241. And Plaintiff is already bringing official-capacity claims against the fourth Defendant, a person who represents Dickson County. (Doc. No. 1 at 2 (Defendant Todd).) Any claims against Dickson County will be addressed through this proper Defendant. Any effort to address claims against Dickson County through the improper Defendants, therefore, would be redundant. *See J.H. v. Williamson Cnty., Tenn.*, 951 F.3d 709, 723 n.4 (6th Cir. 2020) (citing *Foster v. Michigan*, 573 F. App'x 377, 390 (6th Cir. 2014).

The third named Defendant, "Tri-Star Medical @ Medical Staff," could be reasonably construed as an attempt to sue either all staff working for Tri-Star Medical as a group or Tri-Star

Medical itself. If Plaintiff intends the former, however, a group of employees "is not a 'person' for the purpose of Section 1983." *Taylor v. Emps. at Sumner Cnty. Jail*, No. 3:19-cv-00401, 2019 WL 4860628, at *3 (M.D. Tenn. Oct. 2, 2019) (citing *Hix v. Tenn. Dep't of Corr.*, 196 F. App'x 350, 356 (6th Cir. 2006)). And if Plaintiff intends the latter, then the Court may liberally construe the Complaint to allege that Tri-Star Medical is a private entity contracted to provide medical care to inmates at the Jail. Such an entity is potentially subject to suit under Section 1983 claim. *See Shadrick v. Hopkins Cnty., Ky.*, 805 F.3d 724, 736 (6th Cir. 2015). But Plaintiff cannot state a Section 1983 claim against Tri-Star Medical unless he plausibly alleges that it had a "policy or custom" that was "the moving force behind" a deprivation of Plaintiff's constitutional rights. *Savoie v. Martin*, 673 F.3d 488, 494 (6th Cir. 2012) (quoting *Miller v. Sanilac Cnty.*, 606 F.3d 240, 255 (6th Cir. 2010)). Importantly, a private entity like Tri-Star Medical can be liable for a policy or custom only "of that [entity], rather than a policy or custom of" another entity. *See Johnson v. Karnes*, 398 F.3d 868, 877 (6th Cir. 2005) (citations omitted). Here, the only alleged policy or custom that could be reasonably attributed to Tri-Star Medical is the alleged practice of medical staff to "not check on you if you don't have money on [the] books." But Plaintiff fails to allege that he was personally harmed by this alleged practice. That is, Plaintiff alleges that inmates, in general, receive the wrong medicine and do not receive help for spider bites, but he does not allege that those practices affected him. Plaintiff does allege that he personally failed to receive the results of a TB skin test administered by medical staff and was housed with other inmates who may make him uncomfortable, but it is not apparent how those alleged facts might encompass the elements of a constitutional claim. Plaintiff, accordingly, fails to allege a plausible Section 1983 claim against Tri-Star Medical. *See Gilmore v. Corr. Corp. of Am.*, 92 F. App'x 188, 190 (6th Cir. 2004) (citations omitted) ("[E]ven pro se complaints must satisfy basic pleading requirements. A

complaint must contain allegations respecting all the elements to sustain a recovery under some viable legal theory.").

The fourth and final Defendant is Chaplain Thomas Todd. As noted above, Todd is sued in his individual and official capacities. Plaintiff fails to state an individual-capacity claim against Todd because, after listing Todd as a Defendant, Plaintiff does not mention him at all in the body of the Complaint. *See Gilmore*, 92 F. App'x at 190 (citation omitted) ("Merely listing names in the caption of the complaint and alleging constitutional violations in the body of the complaint is not enough to sustain recovery under § 1983.").

The official-capacity claims against Todd, however, are equivalent to claims against Dickson County (the entity he allegedly represents). (Doc. No. 1 at 2.) To state a Section 1983 claim against Dickson County, Plaintiff must plausibly allege that the County's policy or custom directly caused him to experience a deprivation of his constitutional rights. *See Hardrick v. City of Detroit, Mich.*, 876 F.3d 238, 243 (6th Cir. 2017) (citing *Monell*, 436 U.S. at 690–92). Plaintiff does not make any allegations tying a policy or custom of the County to the allegedly unsanitary conditions of confinement and food at the Jail, nor does he allege that he was personally harmed as a result of those alleged conditions. So Plaintiff fails to state a claim against Dickson County based on the Jail's allegedly unsanitary conditions of confinement and food. *See LeFever v. Ferguson*, 645 F. App'x 438, 447 (6th Cir. 2016) (citing *Jaco v. Bloechle*, 739 F.2d 239, 241 (6th Cir. 1984) ("Claims under [Section] 1983 are personal to the party injured by a constitutional violation.")).

That leaves the Jail's alleged lack of religious accommodations for Muslim inmates. The Court construes the Complaint to allege that Plaintiff's religious beliefs or practices have been burdened by the Dickson County Jail's policies or customs of: (1) barring Sunni Muslim inmates

from participating in religious gatherings, including prayers called "Juh'mah" and "Ta'leen," while allowing other inmates to attend church; (2) not providing Muslim inmates with prayer rugs; (3) not providing Muslim inmates with Qurans, while providing other inmates with Bibles; and (4) not providing inmates observing Ramadan with the necessary daily calories.

These allegations, accepted as true, permit Plaintiff to proceed with claims under the Free Exercise and Establishment Clauses of the First Amendment, as well as the Equal Protection Clause of the Fourteenth Amendment. Specifically, the alleged policy of not allowing religious gatherings for Sunni Muslims—coupled with the allegation of disparate treatment by allowing other inmates to attend church—could violate the Free Exercise, Establishment, and Equal Protection Clauses. *See Pleasant-Bey v. Shelby County*, No. 18-6063, 2019 WL 11769343, at *5–6 (6th Cir. Nov. 7, 2019) (holding that, if proven true, allegations of "disparate worship restrictions" on Islamic services as compared to Christian services—"absent adequate justification for the restrictions and the alleged difference in treatment— . . . would likely violate both Free Exercise and Equal Protection"); *Maye v. Klee*, 915 F.3d 1076, 1085 (6th Cir. 2019) (holding that "preferential treatment to those who adhere to" a particular religious sect "is sufficient to allege an Establishment Clause violation"). Plaintiff may also pursue claims under all three clauses based on the alleged policy of not providing Muslim inmates with Qurans despite providing other inmates with Bibles. *See Bohanen v. Klingel*, No. 1:22-cv-809, 2022 WL 17494620, at *4 (W.D. Mich. Dec. 8, 2022) (allowing prisoner to proceed past initial review with Free Exercise Clause claim based on the alleged deprivation of a Quran for use in Islamic religious practices); *Maye*, 915 F.3d at 1085 (finding plausibly alleged Establishment Clause claim based on an admission of "affording preferential treatment to those who adhere to" a particular religious sect); *id.* at 1086

(finding plausibly alleged Equal Protection Clause claim based on "a facially discriminatory distinction between" different religious sects).

The other alleged policies—not providing Muslim inmates with prayer rugs and not providing a nutritious diet for inmates observing Ramadan—may support claims under the Free Exercise Clause. *See Bohanen*, 2022 WL 17494620, at *4 (allowing prisoner to proceed with Free Exercise Clause claim based on alleged deprivation of a prayer rug for Islamic religious practices); *see also Byrd v. Haas*, 17 F. 4th 692, 695, 700 (6th Cir. 2021) (stating that it would "miss[] the entire point of our religious-liberty jurisprudence" to consider "the deprivation of . . . a prayer mat" to be "insignificant" for a prisoner who considers it essential to his faith); *Pleasant-Bey*, 2019 WL 11769343, at *6 (citing *Welch v. Spaulding*, 627 F. App'x 479, 483 (6th Cir. 2015) ("A prisoner has a right under the Free Exercise Clause to a nutritious diet during Ramadan.")). But because Plaintiff does not allege that the Jail carries out these two alleged policies *because* of Muslim inmates' religion, and because Plaintiff does not allege that the Jail gives preferential treatment to other inmates who request prayer rugs or special religious diets, these two alleged policies cannot support claims under the Establishment or Equal Protection Clauses. *See Bohanen*, 2022 WL 17494620, at *7 (dismissing equal protection claim based on alleged denial of prayer rug, despite allowing free exercise claim to proceed, because the prisoner did not "allege that he was denied the items because of his religion"); *Maye*, 915 F.3d at 1084 (quoting *Larson v. Valente*, 456 U.S. 228, 244 (1982) ("The clearest command of the Establishment Clause is that one religious denomination cannot be officially preferred over another.")).

3. *Requests for Relief and RLUIPA*

In the Complaint, Plaintiff requests relief in the form of monetary damages, "proper medical staff [and] care," firing the staff members responsible for supplying religious materials,

the dismissal of his state criminal case, and the return of his license.[1] (Doc. No. 1 at 5.) But Plaintiff's requests for "proper medical staff [and] care" and the return of his license are entirely unrelated to the religious-accommodations claims going forward in this case, and the Court "may not grant injunctive relief to remedy an alleged [constitutional] violation" that "is not at issue in th[e] suit" before the Court. *See King v. Zamiara*, 788 F.3d 207, 217–18 (6th Cir. 2015) (citing *De Beers Consol. Mines, Ltd. v. United States*, 325 U.S. 212, 220 (1945)). A Section 1983 suit, moreover, is not a vehicle for a federal court fire jail employees or dismiss a state criminal case. *See Street v. Rodriguez*, No. 12-13995, 2014 WL 840083, at *5 (E.D. Mich. Mar. 4, 2014) (collecting cases explaining that federal courts lack authority to "impose sanctions on a[ correctional] employee or specify the conditions under which the employee should be employed"); *Wilkinson v. Dotson*, 544 U.S. 74, 78 (2005) (quoting *Preiser v. Rodriguez*, 411 U.S. 475, 489 (1973) ("[A] prisoner in state custody cannot use a § 1983 action to challenge 'the fact or duration of his confinement.'")). Accordingly, these requests for injunctive relief will be denied.

The only request for relief remaining is for monetary damages. RLUIPA "simply does not permit claims for monetary damages." *Pleasant-Bey*, 2019 WL 11769343, at *3 (citing *Sossamon v. Texas*, 563 U.S. 277, 288 (2011); *Haight*, 763 F.3d at 567–70). Plaintiff, therefore, cannot pursue claims under RLUIPA.

---

[1] Plaintiff also requests injunctive relief in the form of a "class A Lawsuit" (Doc. No. 1 at 5), but to the extent that request can be construed as a request for class certification, it is entirely conclusory and will not be considered without a separate, properly supported motion. And in any event, non-attorney inmates like Plaintiff "are inappropriate class representatives." *Dunbar v. Prelesnik*, No. 16-1374, 2016 WL 11618615, at *1 (6th Cir. Oct. 27, 2016) (citing *Heard v. Caruso*, 351 F. App'x 1, 15 (6th Cir. 2009); *Palasty v. Hawk*, 15 F. App'x 197, 200 (6th Cir. 2001)). So Plaintiff's request to certify a class, if it can be construed as such, is not properly before the Court.

## IV. Conclusion

For these reasons, Plaintiff will be granted pauper status, and he may proceed with Section 1983 claims for monetary damages against Dickson County, as represented by Chaplain Thomas Todd in his official capacity. The specific claims going forward are as follows: claims under the Free Exercise, Establishment, and Equal Protection Clauses based on the Jail's alleged policies of (1) not allowing religious gatherings for Sunni Muslims while allowing other inmates to attend church and (2) not providing Muslim inmates with Qurans despite providing other inmates with Bibles; and claims under (only) the Free Exercise Clause based on the Jail's alleged policies of (1) not providing Muslim inmates with prayer rugs and (2) not providing a nutritious diet for inmates observing Ramadan.

All other claims, Defendants, and requests for relief will be dismissed.

An appropriate Order will be entered.

*Eli Richardson*
ELI RICHARDSON
UNITED STATES DISTRICT JUDGE