UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

SHANE ANTONIO TALLEY,

    Plaintiff,

v.

DICKSON COUNTY JAIL et al.,

    Defendants.

Case No. 3:23-cv-00808

Judge Eli J. Richardson
Magistrate Judge Alistair E. Newbern

To:    The Honorable Eli J. Richardson, District Judge

### REPORT AND RECOMMENDATION

Pro se Plaintiff Shane Talley filed this action under 42 U.S.C. § 1983 alleging violations of civil rights related to his Sunni Muslim faith. (Doc. No. 1.) Dickson County, Tennessee, has filed a motion for summary judgment on Talley's claims. (Doc. No. 20.) Talley has not responded to the motion for summary judgment and has not filed anything in this matter since September 17, 2024 (Doc. No. 19). Service copies of recent orders sent by the Court to Talley's address of record have been returned as undeliverable (Doc. Nos. 25, 28).

The District Judge has referred this matter to the Magistrate Judge to dispose or recommend disposition of any pretrial motions under 28 U.S.C. § 636(b)(1)(A) and (B). (Doc. No. 8.) For the reasons that follow, the Magistrate Judge will recommend that Talley's claims be dismissed for his failure to prosecute them under Federal Rule of Civil Procedure 41(b) and that Dickson County's motion for summary judgment (Doc. No. 20) be found moot.

### I.    Factual and Procedural Background

Talley and two other inmates at the Dickson County Jail filed a complaint on July 28, 2023, in the U.S. District Court for the Western District of Kentucky bringing claims against the Dickson

County Sheriff's Office, the Dickson County Jail, Tri-Star Medical, Chaplain Thomas Todd, and the Dickson County Jail Medical Staff. (Doc. No. 1.) The case was transferred to this Court on August 4, 2023. (Doc. No. 5.) The Court granted Talley's application to proceed *in forma pauperis* and screened the complaint as required under 28 U.S.C. § 1915A. (Doc. Nos. 7, 8.)

In screening Talley's complaint, the Court first noticed that there was "nothing in the record reflecting that [the two other inmates named as plaintiffs] authorized Talley" to bring claims on their behalf and that the other inmates had not signed the complaint as required by Federal Rule of Civil Procedure 11(a). (Doc. No. 7.) Accordingly, the Court "updated" the docket to indicate that Talley is the only plaintiff in the case. (*Id.*)

The Court then found that Talley failed to state claims under § 1983 against the Dickson County Jail and the Dickson County Sheriff's Office because these defendants are not "persons" or legal entities otherwise subject to suit under the statute. (*Id.*) The Court further found that Talley had failed to state a claim against Tri-Star Medical because he had not plausibly alleged a policy or custom of Tri-Star Medical that caused him any legally cognizable injury. (*Id.*) The Court dismissed Talley's claims against these defendants. (*Id.*)

The Court allowed Talley's claims against Todd to proceed. (*Id.*) The Court noted that Talley sued Todd in his individual and official capacities but failed to state an individual-capacity claim against Todd "because, after listing Todd as a Defendant, [Talley] does not mention him at all in the body of the Complaint." (*Id.* at PageID# 11.) The Court found that Talley's official-capacity claims against Todd "are equivalent to claims against Dickson County (the entity he allegedly represents)" and, so construed, could proceed. (*Id.*) Specifically, the Court construed Talley's complaint to allege

> that [Talley's] religious beliefs or practices have been burdened by the Dickson County Jail's policies or customs of: (1) barring Sunni Muslim inmates from

participating in religious gatherings, including prayers called "Juh'mah" and "Ta'leen" while allowing other inmates to attend church; (2) not providing Muslim inmates with prayer rugs; (3) not providing Muslim inmates with Qurans, while providing other inmates with Bibles; and (4) not providing inmates observing Ramadan with the necessary daily calories.

(*Id.* at PageID# 11–12.)

The Court found that these allegations stated plausible § 1983 claims arising "under the Free Exercise and Establishment Clauses of the First Amendment, as well as the Equal Protection clause of the Fourteenth Amendment" that could proceed. (Doc. No. 7.) However, the Court found that Talley had not plausibly alleged any claims for injunctive relief or money damages under the Religious Land Use and Institutionalized Persons Act (RLUIPA), to the extent his complaint intended to invoke those causes of action. (*Id.*) The Court thus dismissed all Talley's claims except the identified § 1983 claims against Todd in his official capacity. The Court directed Talley to serve Todd with process and notified him that failure to do so or to "promptly inform the Clerk's Office of any change in address could result in dismissal of this case." (Doc. No. 8, PageID# 18.)

Todd answered Talley's complaint on January 25, 2024 (Doc. No. 12), and the Court entered a scheduling order and set the case for trial (Doc. Nos. 13, 14). Todd moved for leave to depose Talley (Doc. No. 16) and took Talley's deposition on July 8, 2024 (Doc. No. 23-3). Talley filed a "motion for writ of transport" on September 17, 2024. (Doc. No. 19.)

On September 26, 2024, "the Defendant, Dickson County, Tennessee[,]" filed a motion for summary judgment, an accompanying memorandum of law, a statement of facts, and supporting exhibits. (Doc. Nos. 20–23.) The Court issued an order on January 9, 2025, in which it noted that the pending motion for summary judgment was "filed by Dickson County, which effectively is the sole remaining party because technically the sole remaining party is someone (Chaplain Thomas Todd) sued in his official capacity." (Doc. No. 24, PageID# 114.) The Court then noted that Talley had not responded to the motion for summary judgment and ordered that Talley "must mail from

his place of incarceration, by February 3, 2025, a response to the Motion or else the Motion will be deemed unopposed." (*Id.*) The service copy of that order, mailed to Talley at the Dickson County Jail, was returned as undeliverable. (Doc. No. 25.) The Court granted Defendants' motion to continue the trial date on April 7, 2025. (Doc. No. 27.) The service copy of that order was also returned as undeliverable. (Doc. No. 28.)

Talley did not respond to the motion for summary judgment by February 3, 2025, and has not filed anything in this action since his September 17, 2024 motion for writ of transport.

## II. Legal Standard

Federal Rule of Civil Procedure 41(b) "confers on district courts the authority to dismiss an action for failure of a plaintiff to prosecute the claim or to comply with the Rules or any order of the court." *Schafer v. City of Defiance Police Dep't*, 529 F.3d 731, 736 (6th Cir. 2008) (citing *Knoll v. AT&T*, 176 F.3d 359, 362–63 (6th Cir. 1999)); *see also Link v. Wabash R.R. Co.*, 370 U.S. 626, 630 (1962) (recognizing "the power of courts, acting on their own initiative, to clear their calendars of cases that have remained dormant because of the inaction or dilatoriness of the parties seeking relief"); *Carpenter v. City of Flint*, 723 F.3d 700, 704 (6th Cir. 2013) ("It is well settled that a district court has the authority to dismiss sua sponte a lawsuit for failure to prosecute."). Dismissal for failure to prosecute is a tool for district courts to manage their dockets and avoid unnecessary burdens on opposing parties and the judiciary. *See Schafer*, 529 F.3d at 736. The Sixth Circuit therefore affords district courts "'substantial discretion'" regarding decisions to dismiss for failure to prosecute. *Id.* (quoting *Knoll*, 176 F.3d at 363).

Courts look to four factors for guidance when determining whether dismissal under Rule 41(b) is appropriate: (1) the willfulness, bad faith, or fault of the plaintiff; (2) whether the defendant has been prejudiced by the plaintiff's conduct; (3) whether the plaintiff was warned that failure to cooperate could lead to dismissal; and (4) the availability and appropriateness of other,

less drastic sanctions. *Knoll*, 176 F.3d at 363 (citing *Stough v. Mayville Cmty. Schs.*, 138 F.3d 612, 615 (6th Cir. 1998)). Under Sixth Circuit precedent, "none of the factors is outcome dispositive," but "a case is properly dismissed by the district court where there is a clear record of delay or contumacious conduct." *Id.* (citing *Carter v. City of Memphis*, 636 F.2d 159, 161 (6th Cir. 1980)); *see also Muncy v. G.C.R., Inc.*, 110 F. App'x 552, 555 (6th Cir. 2004) (finding that dismissal with prejudice "is justifiable in any case in which 'there is a clear record of delay or contumacious conduct on the part of the plaintiff'" (quoting *Mulbah v. Detroit Bd. of Educ.*, 261 F.3d 586, 591 (6th Cir. 2001))). Because dismissal without prejudice is a relatively lenient sanction as compared to dismissal with prejudice, the "controlling standards should be greatly relaxed" for Rule 41(b) dismissals without prejudice where "the dismissed party is ultimately not irrevocably deprived of his [or her] day in court." *Muncy*, 110 F. App'x at 556 (citing *Nwokocha v. Perry*, 3 F. App'x 319, 321 (6th Cir. 2001)); *see also* M.D. Tenn. R. 41.01 (dismissal of inactive cases) (allowing Court to summarily dismiss without prejudice "[c]ivil suits that have been pending for an unreasonable period of time without any action having been taken by any party").

### III. Analysis

Talley has failed to comply with the Court's orders that he keep the Court apprised of his current mailing address (Doc. No. 8) and respond to the pending motion for summary judgment (Doc. No. 24). Talley also has not taken any action in this matter for more than ten months. Dismissal of this action therefore is appropriate under Rule 41(b) because the four relevant factors, considered under the "relaxed" standard for dismissals without prejudice, show a record of delay by Talley.

#### A. Bad Faith, Willfulness, or Fault

A plaintiff's actions demonstrate bad faith, willfulness, or fault where they "'display either an intent to thwart judicial proceedings or a reckless disregard for the effect of [plaintiff's] conduct

on those proceedings.'" *Wu v. T.W. Wang, Inc.*, 420 F.3d 641, 643 (6th Cir. 2005) (quoting *Mulbah*, 261 F.3d at 591). There is no indication that bad faith motivated Talley's failure to respond to the motion for summary judgment or otherwise follow the Court's orders. However, "[e]ven where there is no clear evidence of bad faith, failure to respond to a show cause order is indicative of willfulness and fault" for purposes of Rule 41(b). *Hatcher v. Dennis*, No. 1:17-cv-01042, 2018 WL 1586235, at *1 (W.D. Tenn. Mar. 30, 2018); *see also Eidam v. James*, Case No. 21-11579, 2022 WL 3146864, *2 (E.D. Mich. July 5, 2022) (finding that first factor weighs in favor of dismissal where pro se plaintiff "failed" to "respond to the motion for summary judgment or the Court's Order to Show Cause" because "'defendants cannot be expected to defend an action' that plaintiff has 'apparently abandoned, not to mention the investment of time and resources expended to defend this case'" (quoting *White v. Bouchard*, No. 05-73718, 2008 WL 2216281, at *5 (E.D. Mich. May 27, 2008))), *report and recommendation adopted*, 2022 WL 3142958, at *1 (E.D. Mich. Aug. 5, 2022).

This factor therefore weighs in favor of dismissal.

**B.     Prejudice**

The Sixth Circuit has held that "[a] defendant is prejudiced by a plaintiff's dilatory conduct if the defendant is 'required to waste time, money, and effort in pursuit of cooperation which [the plaintiff] was legally obligated to provide.'" *Carpenter*, 723 F.3d at 707 (second alteration in original) (quoting *Harmon v. CSX Transp., Inc.*, 110 F.3d 364, 368 (6th Cir. 1997)); *see also Schafer*, 529 F.3d at 739 (same). Such prejudice typically arises in the discovery context. *See, e.g.*, *Harmon*, 110 F.3d at 368 (finding prejudice where plaintiff failed to respond to defendant's interrogatories and a related motion to compel); *Wright v. City of Germantown*, No. 11-02607, 2013 WL 1729105, at *2 (W.D. Tenn. Apr. 22, 2013) (finding prejudice where defendant "expended time and money pursuing [plaintiff's] required initial disclosures and deposition

testimony"). Notably, time and effort spent on "typical steps in the early stages of litigation[,]" such as answering a complaint or filing pretrial motions to advance the defendant's position, are not actions "necessitated by any lack of cooperation" and therefore do not weigh in favor of dismissal for failure to prosecute. *Schafer*, 529 F.3d at 739. The Sixth Circuit explained in *Schafer v. City of Defiance Police Department* that "[i]f such efforts . . . [were] alone sufficient to establish prejudice," for the purpose of Rule 41(b), "then every defendant who answers a complaint and responds even minimally to a lawsuit would be able to claim prejudice[,]" a "result [that] would defy common sense." *Id.* at 740.

Here, Dickson County's efforts extend past what is typical in the early stages of litigation. After answering the complaint, Dickson County engaged in discovery and "spent time and money pursuing [Talley's] required . . . deposition testimony" and amassing other evidence in support of its motion for summary judgment. *Wright*, 2013 WL 1729105, at *2. It has also been required to file two motions to continue the trial date. These steps go beyond the "typical steps in the early stages of litigation" and, therefore, this factor weighs in favor of dismissal. *See Schafer*, 529 F.3d at 739.

### C. Prior Notice

"Prior notice" that failure to comply with the Court's orders "or the lack thereof, is . . . a key consideration" in determining whether dismissal for failure to prosecute is appropriate. *Stough*, 138 F.3d at 615. Here, the Court notified Talley that failure to "promptly inform the Clerk's Office of any change in address could result in dismissal of this case." (Doc. No. 8, PageID# 18.) The Court also ordered Talley to file a response to the motion for summary judgment "or else the Motion will be deemed to be unopposed." (Doc. No. 24, PageID# 114.) The Court thus specifically notified Talley that failure to comply with these orders could result in the dismissal of this action or a grant of summary judgment to Dickson County. This factor weighs in favor of dismissal.

### D. Appropriateness of Other Sanctions

The less-drastic sanction of dismissal without prejudice is available and appropriate here. Dismissal without prejudice balances the Court's interest in "sound judicial case and docket management" with "the public policy interest in the disposition of cases on their merits . . . ." *Muncy*, 110 F. App'x at 557 n.5; *see also Mulbah*, 261 F.3d at 590–91. Such a sanction is particularly appropriate in cases of prolonged inactivity and where, as here, the plaintiff appears pro se. *See Schafer*, 529 F.3d at 737 (noting that courts apply the four-factor test "'more stringently in cases where the plaintiff's attorney's conduct is responsible for the dismissal'" (quoting *Harmon*, 110 F.3d at 367)).

## IV. Recommendation

For these reasons, the Magistrate Judge RECOMMENDS that this action be DISMISSED WITHOUT PREJUDICE under Federal Rule of Civil Procedure 41(b) for Talley's failure to prosecute and that Dickson County's motion for summary judgment (Doc. No. 20) be FOUND MOOT.

Any party has fourteen days after being served with this Report and Recommendation to file specific written objections. Failure to file specific objections within fourteen days of receipt of this Report and Recommendation can constitute a waiver of appeal of the matters decided. *Thomas v. Arn*, 474 U.S. 140, 155 (1985); *Cowherd v. Million*, 380 F.3d 909, 912 (6th Cir. 2004). A party who opposes any objections that are filed may file a response within fourteen days after being served with the objections. Fed. R. Civ. P. 72(b)(2).

Entered this 7th day of August, 2025.

_____
ALISTAIR E. NEWBERN
United States Magistrate Judge