IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| SHANE ANTONIO TALLEY, | ) | |
| Plaintiff, | ) ) | |
| | ) | NO. 3:23-cv-00808 |
| v. | ) ) | JUDGE RICHARDSON |
| DICKSON COUNTY JAIL, ET AL., | ) ) | |
| Defendants. | ) | |

## ORDER

Pending before the Court[1] is a report and recommendation (Doc. No. 31, "R&R") of the Magistrate Judge, which recommends that the Court dismiss this matter pursuant to Federal Rule of Civil Procedure 41(b) and that Defendant Dickson County, Tennessee's Motion for Summary Judgment (Doc. No. 20) be found moot. No objections to the R&R have been filed and the time for filing objections has now expired.[2]

Absent any objection to the statement of facts (regarding the procedural history and underlying circumstances of this case) set forth by the Magistrate Judge in the R&R, the Court adopts that factual background in its entirety, and includes it here for reference.

> Talley and two other inmates at the Dickson County Jail filed a complaint on July 28, 2023, in the U.S. District Court for the Western District of Kentucky bringing claims against the Dickson County Sheriff's Office, the Dickson County Jail, Tri-Star Medical, Chaplain Thomas Todd, and the Dickson County Jail Medical Staff. (Doc. No. 1.) The case was transferred to this Court on August 4, 2023. (Doc. No. 5.) The Court granted Talley's application to proceed *in forma*

---

[1] Herein, "the Court" refers to the undersigned District Judge, as opposed to the Magistrate Judge who authored the R&R.

[2] Under Fed. R. Civ. P. 72(b), any party has fourteen (14) days from receipt of the R&R in which to file any written objections to the Recommendation with the District Court. For pro se plaintiffs, like Plaintiff, the Court is willing to extend this 14-day deadline by three days to allow time for filings to be transported by mail. But even this extension does not help Plaintiff because the R&R was filed on August 7, 2025 and as of August 28, 2025 Plaintiff has not filed any objections.

*pauperis* and screened the complaint as required under 28 U.S.C. § 1915A. (Doc. Nos. 7, 8.)

In screening Talley's complaint, the Court first noticed that there was "nothing in the record reflecting that [the two other inmates named as plaintiffs] authorized Talley" to bring claims on their behalf and that the other inmates had not signed the complaint as required by Federal Rule of Civil Procedure 11(a). (Doc. No. 7.) Accordingly, the Court "updated" the docket to indicate that Talley is the only plaintiff in the case. (*Id.*)

The Court then found that Talley failed to state claims under § 1983 against the Dickson County Jail and the Dickson County Sheriff's Office because these defendants are not "persons" or legal entities otherwise subject to suit under the statute. (*Id.*) The Court further found that Talley had failed to state a claim against Tri-Star Medical because he had not plausibly alleged a policy or custom of Tri-Star Medical that caused him any legally cognizable injury. (*Id.*) The Court dismissed Talley's claims against these defendants. (*Id.*)

The Court allowed Talley's claims against Todd to proceed. (*Id.*) The Court noted that Talley sued Todd in his individual and official capacities but failed to state an individual-capacity claim against Todd "because, after listing Todd as a Defendant, [Talley] does not mention him at all in the body of the Complaint." (*Id.* at PageID# 11.) The Court found that Talley's official-capacity claims against Todd "are equivalent to claims against Dickson County (the entity he allegedly represents)" and, so construed, could proceed. (*Id.*) Specifically, the Court construed Talley's complaint to allege

> that [Talley's] religious beliefs or practices have been burdened by the Dickson County Jail's policies or customs of: (1) barring Sunni Muslim inmates from participating in religious gatherings, including prayers called "Juh'mah" and "Ta'leen" while allowing other inmates to attend church; (2) not providing Muslim inmates with prayer rugs; (3) not providing Muslim inmates with Qurans, while providing other inmates with Bibles; and (4) not providing inmates observing Ramadan with the necessary daily calories.

(*Id.* at PageID# 11–12.)

The Court found that these allegations stated plausible § 1983 claims arising "under the Free Exercise and Establishment Clauses of the First Amendment, as well as the Equal Protection clause of the Fourteenth Amendment" that could proceed. (Doc. No. 7.) However, the Court found that Talley had not plausibly alleged any claims for injunctive relief or money damages under the Religious Land Use and Institutionalized Persons Act (RLUIPA), to the extent his complaint intended to invoke those causes of action. (*Id.*) The Court thus dismissed all Talley's claims except the identified § 1983 claims against Todd in his official

> capacity. The Court directed Talley to serve Todd with process and notified him that failure to do so or to "promptly inform the Clerk's Office of any change in address could result in dismissal of this case." (Doc. No. 8, PageID# 18.)
>
> Todd answered Talley's complaint on January 25, 2024 (Doc. No. 12), and the Court entered a scheduling order and set the case for trial (Doc. Nos. 13, 14). Todd moved for leave to depose Talley (Doc. No. 16) and took Talley's deposition on July 8, 2024 (Doc. No. 23-3). Talley filed a "motion for writ of transport" on September 17, 2024. (Doc. No. 19.)
>
> On September 26, 2024, "the Defendant, Dickson County, Tennessee[,]" filed a motion for summary judgment, an accompanying memorandum of law, a statement of facts, and supporting exhibits. (Doc. Nos. 20–23.) The Court issued an order on January 9, 2025, in which it noted that the pending motion for summary judgment was "filed by Dickson County, which effectively is the sole remaining party because technically the sole remaining party is someone (Chaplain Thomas Todd) sued in his official capacity." (Doc. No. 24, PageID# 114.) The Court then noted that Talley had not responded to the motion for summary judgment and ordered that Talley "must mail from his place of incarceration, by February 3, 2025, a response to the Motion or else the Motion will be deemed unopposed." (*Id.*) The service copy of that order, mailed to Talley at the Dickson County Jail, was returned as undeliverable. (Doc. No. 25.) The Court granted Defendants' motion to continue the trial date on April 7, 2025. (Doc. No. 27.) The service copy of that order was also returned as undeliverable. (Doc. No. 28.)
>
> Talley did not respond to the motion for summary judgment by February 3, 2025, and has not filed anything in this action since his September 17, 2024 motion for writ of transport.

(Doc. No. 31 at 1-4). The Magistrate Judge concluded that Plaintiff's claims against Defendants should be dismissed. Specifically, the Magistrate Judge concluded that the Court should dismiss Plaintiff's claims against Defendants without prejudice based on Plaintiff's failure to prosecute.

No party has filed objections to the R&R, and the time to file objections with the Court has passed, as explained in a footnote above.

When a magistrate judge issues a report and recommendation regarding a dispositive pretrial matter, the district judge must review *de novo* any portion of the report and recommendation to which a proper objection is made. Fed. R. Civ. P. 72(b)(3). The district judge may accept, reject, or modify the recommended disposition, review further evidence, or return the

matter to the magistrate judge with instructions. *Id.* Fed. R. Civ. P. 72(b)(2) provides that a party may file "specific written objections" to a report and recommendation, and Local Rule 72.02(a) provides that such objections must be written and must state with particularity the specific portions of the magistrate judge's report or proposed findings or recommendations to which an objection is made. "The filing of vague, general, or conclusory objections does not meet the requirement of specific objections and is tantamount to a complete failure to object. Moreover, an objection that does nothing more than state a disagreement with a magistrate's suggested resolution, or simply summarizes what has been presented before, is not an objection as that term is used in this context." *Frias v. Frias*, No. 2:18-cv-00076, 2019 WL 549506, at *2 (M.D. Tenn. Feb. 12, 2019) (internal citations and quotation marks omitted).

The failure to object to a report and recommendation releases the Court from its duty to independently review the matter. *Id.*; *Hart v. Bee Prop. Mgmt., Inc.*, No. 18-cv-11851, 2019 WL 1242372, at * 1 (E.D. Mich. Mar. 18, 2019) (citing *Thomas v. Arn*, 474 U.S. 140, 149 (1985)). A district judge is not required to review, under a *de novo* or any other standard, those aspects of a report and recommendation to which no objection is made. *Ashraf v. Adventist Health Sys./Sunbelt, Inc.*, 322 F. Supp. 3d 879, 881 (W.D. Tenn. 2018); *Benson v. Walden Sec.*, No. 3:18-cv-0010, 2018 WL 6322332, at *3 (M.D. Tenn. Dec. 4, 2018) (citing *Thomas*, 474 U.S. at 150).

Absent objection, the R&R (Doc. No. 31) is adopted and approved. Accordingly, this matter is DISMISSED WITHOUT PREJUDICE, and Dickson County's Motion for Summary Judgment (Doc. No. 20) is DENIED as moot.

Accordingly, the Clerk is DIRECTED to enter judgment pursuant to Fed. R. Civ. P. 58 and close the file.

IT IS SO ORDERED.

*Eli Richardson*
ELI RICHARDSON
UNITED STATES DISTRICT JUDGE